**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY  DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                 CRIMINAL ACTION NO. 5:09-cr-00216

RODNEY T. HOFFMAN,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's Motion to Exclude Evidence of Prior Convictions at Trial [Docket No. 38].  Defendant contemplates testifying at trial, and moves the Court, pursuant to Federal Rules of Evidence 404(b) and 609, to preclude the United States from admitting any evidence of his 2009 felony conviction for fleeing causing bodily injury [W.Va. Code §61-5-17(g)], as well as assorted misdemeanor convictions for driving under the influence, battery, and other driving related offenses.

*I. Applicable Law*

Rule 404(b) states that evidence of prior crimes may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," among other things, if certain criteria are met.  Rule 609 provides:

(a) General rule.--For the purpose of attacking the character for truthfulness of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or

imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

*II. Discussion*

In the instant case, the Defendant is charged with two counts of Storage of Hazardous Waste Without a Permit, in violation of 42 U.S.C. §§ 6925 and 6928(d)(2)(A).  He was previously convicted of a felony for intentionally and feloniously fleeing and attempting "to flee in a vehicle from a law enforcement officer...after the officer had given clear visual and audible signals directing [defendant] to stop and...in so fleeing, caused bodily injury. . ."  [Docket No. 38, Ex. 1, at p. 2.].  The Defendant was given a sentence of one to five years, with credit for time served.  *Id.*, at p. 4-5.  The prior conviction is not related to the Defendant's pending charges.

The United States argues that evidence of this conviction should be admitted, as it "would be probative to the jury's consideration of the credibility of defendant as a witness.  Jurors would be justified in considering whether a person who intentionally ignores the directives of a law enforcement officer, could be relied upon for truthful testimony."  [Docket No. 45, at p. 2].  Further, the United States incorrectly cites to the balancing test under Rule 403.  Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  However, the applicable determination for the Court in Rule 609(a) for an accused (as opposed to a "witness other than an accused") is whether "the probative value of admitting this evidence outweighs its prejudicial effect to the

2

accused." The Court finds that if one assumes that this conviction is probative of credibility, its probative value is minimal, at best, and any such value is outweighed by its prejudicial effect to the Defendant. Evidence of this conviction would likely give the jury a negative impression of the Defendant, and easily distract the jury from the Government's burden of proof in the case at bar.

Evidence of Defendant's prior conviction is also inadmissible under Rule 404(b), as the conviction for fleeing from an officer is not evidence of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" with regard to storing hazardous waste without a permit. Lastly, the Defendant's misdemeanor convictions are inadmissible for impeachment under Rule 609(a)(2). None of the misdemeanor offenses of which the Defendant has been convicted have elements requiring proof or admission of an act of dishonesty or false statement by Defendant.

### III. Conclusion

For the reasons discussed above, the Court **ORDERS** that the Defendant's Motion to Exclude Evidence of Prior Convictions at Trial [Docket No. 38] be **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel and to the United States Attorney.

ENTER:        February 5, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA